

Opinions of the United
States Court of Appeals
for the Third Circuit

2006 Decisions

8-24-2006

# Taylor v. Oney

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2062

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Taylor v. Oney" (2006). *2006 Decisions.* Paper 557.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/557

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 04-2062

———————

JOHN A. TAYLOR,
Appellant

v.

B. ONEY; JOHN WALSH; JOE HUDSON;
BETTY BURRIS, Deputy Warden;
ROBERT SNYDER, Warden

———————

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civil Action No. 00-cv-00557)
District Judge:  Hon. Sue L. Robinson

———————

Argued April 25, 2006

BEFORE:  FUENTES, STAPLETON and ALARCON,*
<u>Circuit Judges</u>

(Opinion Filed:  August 24, 2006)

———————

John A. Taylor (Argued)
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977
 Appellant Pro Se

———————

\* Hon. Arthur L. Alarcon, Senior United States Circuit Judge for the Ninth Circuit, sitting
by designation.

Richard W. Hubbard
Lisa Barchi (Argued)
State of Delaware Department of Justice
Carvel State Office Building
820 North French Street - 6th Floor
Wilmington, DE  19801
  Attorneys for Appellees

Gerald J. Pappert
Calvin R. Koons
John O.J. Shellenberger
John G. Knorr, III
Office of Attorney General of Pennsylvania
15th Floor - Strawberry Square
Harrisburg, PA  17120
  Attorneys for Amicus Curiae
  Commonwealth of Pennsylvania

Aaron Christopher Wheeler
James S. Pavlichko
Derrick Dale Fontroy
Theodore B. Savage
Graterford SCI
P.O. Box 244
Graterford, PA  19426
  Amici Appellees

Edward L. Barocas
American Civil Liberties Union of New Jersey Foundation
P.O. Box 750
Newark, NJ  07101
  Attorney for Amici Appellees ACLU NJ and
  Association of Criminal Defense Lawyers of New Jersey (ACDL-NJ)

_____

OPINION OF THE COURT

_____

STAPLETON, Circuit Judge:

Appellant John Taylor ("Taylor") appeals the District Court's order granting summary judgment to the defendant state officials on Taylor's claims under 42 U.S.C. § 1983. Taylor is a Delaware prisoner and alleges in his complaint that his legal mail was opened outside of his presence on eight occasions over a four-year period and that this constitutes a pattern and practice of so doing. Defendant Beatrice Oney works in the prison mail room and may be in charge of the mail room. Defendant Joe Hudson is a supervisor for the mail room. Defendant John Walsh is in charge of "support service" at the prison, but has no particular involvement with the mail room. Defendant Betty Burris is the deputy warden and Defendant Robert Snyder is the warden.

On one occasion after receiving opened legal mail, Taylor spoke with Oney. She told him that she "didn't know how it [the opening of Taylor's legal mail] happened but she would guarantee [Taylor] that it won't happen again, and probably somebody was working in the mail room that day." App. at A-41-42. Other undisputed evidence in the record shows that Taylor does not know who opened his mail or what role, if any, the defendants played in opening his mail.

Taylor argued below that he has "a Constitutional right[] to have his incoming legal mail open[ed] in his presence." Pl. Mot. Summ. J. at 2-3 (citing *Bieregu v. Reno*, 59 F.3d 1445, 1458-59 (3d Cir. 1995)). He specifically argued that he "alleges a First Amendment violation by prison officials for invading and interfering with his legal mail." Pl.'s R. Br. Opp. Summ. J. at 4. The District Court, on cross-motions for summary

3

judgment, granted the defendants' motion and denied Taylor's. The District Court appeared to construe Taylor's claim as solely one for violation of his right to court access, and not for violation of his First Amendment right to free speech. The Court ruled that the Supreme Court's decision in *Lewis v. Casey*, 518 U.S. 343 (1996), had effectively overruled *Bieregu*, and that this overruling was recognized in the Third Circuit's decision in *Oliver v. Fauver*, 118 F.3d 175 (3d Cir. 1997). Because Taylor had failed to prove "actual injury" to his right to court access, as *Casey* requires for court-access claims, the District Court dismissed Taylor's claim.

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact" such that "the moving party is entitled to a judgment as a matter of law." *See Emory v. Astrazeneca Pharma. Lp.*, 401 F.3d 174, 179 (3d Cir. 2005).

Taylor alleged below that a pattern and practice of opening his legal mail, contrary to prison regulations, violated his Constitutional rights. Even though his complaint and papers on summary judgment, generously construed, fairly include a claim that the pattern and practice violated his First Amendment right to free speech, the District Court only considered his claim to be one for denial of court access. On appeal, Taylor argues that the District Court "did not consider the First Amendment free speech claim and if there was a pattern and practice of deliberate interference or the intent [sic] by the defendants." Br. Appellant at 6. He requests remand.

4

In a separate decision issued today we reaffirm our prior holding in *Bieregu* that prison officials impinge upon the First Amendment rights of prisoners when they open prisoners' legal mail outside the presence of the addressee prisoner. *See Jones v. Brown*, No. 03-3823, slip. op. at ___ (3d Cir. Aug. __, 2006). When bringing claims based on such a violation, prisoners need not allege or prove any "actual injury" beyond the direct injury to their First Amendment right to use the mails. To the extent the District Court ruled otherwise, this was error. However, we nevertheless will affirm the District Court on the alternative ground that Taylor has failed to produce evidence of personal involvement on the part of the defendants in the alleged pattern and practice of opening his mail.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Taylor failed to produce any evidence of the personal involvement of any of the individual defendants in the opening of his legal mail. Taylor asserts in his briefing on appeal that Oney had "direct participation in the alleged Constitutional violation" and was "personally involved and responsible for the opening of [his] legal mail." R. Br. Appellant at 2. He similarly asserts that defendants Walsh and Hudson are responsible for the "creation and maintenance of a policy under which the violations occurred" and are guilty of "gross negligence in managing subordinates who committed the unconstitutional acts." *Id.* He further asserts that defendants Burris and Snyder are liable "for deliberate indifference for

5

failing to act on information indicating that constitutional violations [were] occurring." *Id.* However, he points to no record support for any of these conclusory allegations.

Accordingly, we will affirm the District Court's judgment on the alternative ground that Taylor failed to produce evidence of the personal involvement of the defendants. *See Rode*, 845 F.2d at 1207-08.